1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDWARD THOMAS,

11           Plaintiff,                    No. CIV S-09-896 KJM P

12       vs.

13   S. GLENN, et al.,

14           Defendants.              ORDER

15   _____/

16           Plaintiff is a state prison inmate who filed a civil action in Lassen County

17   Superior Court.  Defendants have removed the action to this court under 28 U.S.C. § 1441(b) and

18   have asked the court to screen the complaint under 28 U.S.C. § 1915A(a).  This proceeding was

19   referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

20           The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

24   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

25   U.S.C. § 1915A(b)(1), (2).

26   /////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in

2 fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

3 28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4 indisputably meritless legal theory or where the factual contentions are clearly baseless.

5 Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

6 inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

7 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8    In order to avoid dismissal for failure to state a claim a complaint must contain

9 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

10 of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other

11 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

13 claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

14 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

15 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

16 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

17 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

18 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

19 Rhodes, 416 U.S. 232, 236 (1974).

20    This complaint was drafted on the state form for a civil action and contains

21 several narrative sections on pages entitled "Cause of Action–General Negligence," "Cause of

22 Action–Intentional Tort" and "Exemplary Damages Attachment."  As a result, it is difficult for

23 the court to determine whether plaintiff is complaining about one incident or several.

24    It does appear that plaintiff complains about the use of force against him, which

25 may state a claim under the Eighth Amendment and the civil rights act.  Whitley v. Albers, 475

26 U.S. 312, 319 (1986).

2

1    Plaintiff also complains that he is "mobility impaired", yet defendant Ingwerson

2    removed his "orthopedic mobility assistive devices" and, as a result, he collapsed when he

3    attempted to walk.  Although plaintiff describes injuries to his back and shoulder, he does not

4    otherwise describe why he needs "assistive devices" to walk or that defendant Ingwerson was

5    aware of plaintiff's difficulties when he removed the unspecified devices beyond a conclusory

6    reference to injuries to his left leg.  This is an insufficient basis for an Eighth Amendment claim,

7    as is his claim that several of the defendants delayed in summoning medical assistance when he

8    fell.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Shapely v. Nevada Bd. Of State Prison

9    Com'rs., 766 F.2d 404, 407 (9th Cir. 1985).  Similarly, he claims that he told defendant Garcia

10   that he could not be handcuffed behind his back because of his neck and shoulder problems, but

11   there is nothing to suggest Garcia had knowledge of his condition apart from his statement.

12   Taking into account the above, the complaint does not contain a short and plain

13   statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

14   pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

15   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.1984).  Plaintiff

16   must allege with at least some degree of particularity overt acts which defendants engaged in that

17   support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of

18   Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to

19   file an amended complaint.

20   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

21   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

22   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

23   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

24   there is some affirmative link or connection between a defendant's actions and the claimed

25   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

26   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

1   allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of</u>

2   <u>Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

3           In addition, plaintiff is informed that the court cannot refer to a prior pleading in

4   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

5   amended complaint be complete in itself without reference to any prior pleading.  This is

6   because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>

7   <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

8   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

9   original complaint, each claim and the involvement of each defendant must be sufficiently

10  alleged.

11          In accordance with the above, IT IS HEREBY ORDERED that:

12              1.  Plaintiff's complaint is dismissed;

13              2.  Plaintiff is granted thirty days from the date of service of this order to file an

14  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

15  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

16  docket number assigned this case and must be labeled "Amended Complaint"; failure to file an

17  amended complaint in accordance with this order will result in a recommendation that this action

18  be dismissed; and

19              3.  The Clerk of the Court is directed to send consent forms to plaintiff and to

20  counsel for the defendants; the parties are directed to return these forms within thirty days of

21  the date of this order.

22  DATED: December 15, 2009.

23  

24  2/thom406.14

U.S. MAGISTRATE JUDGE

25

26